IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | * | |
| **UNIVERSAL MARKETING, INC.** | * | CHAPTER 11 |
| Debtor | * | BANKRUPTCY NO. 09-15404-elf |
| | * | |

ANSWER OF DAMINDER SINGH BATRA, GURMEET BATRA,
JASHVEER SINGH, UNIVERSAL DELAWARE, INC. AND UNIVERSAL ENTERPRISES, INC.
IN OPPOSITION TO CITGO PETROLEUM CORPORATION'S, MOTION
FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004

Daminder Singh Batra, Gurmeet Batra, Jashveer Singh, Universal Delaware, Inc. and Universal Enterprises, Inc. (collectively, the "2004 Respondents") hereby file this Answer in Opposition to CITGO Petroleum Corporation's ("CITGO") Motion for Authority to Examine the 2004 Respondents and respectively state as follows:

**BACKGROUND**

1.  On July 23, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.  On August 18, 2009, the case was converted to one under Chapter 7 of the Bankruptcy Code.

3.  The 2004 Respondents do not dispute that the Court has jurisdiction over this matter or that venue is appropriate.

4.  On or about September 18, 2009, CITGO filed a Motion pursuant to FED. R. BANKR. P. 2004 seeking an examination of the 2004 Respondents.

5.  In the 2004 Motion, CITGO seeks to examine officers of the Debtor as well as officers of the Debtor's alleged "affiliates"[1] identified as Universal Delaware, Inc. and Universal Enterprises, Inc.

---

[1] CITGO has referred to this group as the "Affiliates" pursuant to its own definition, however, the term "affiliate" is a legal term of art in the Bankruptcy Code, defined at 11 U.S.C. § 101(2). CITGO completely disregard the Bankruptcy Code's terminology in favor of using its own definition. Further, CITGO has submitted any admissible evidence to demonstrate that any of the 2004 Respondents are "affiliates" as defined under 11 U.S.C.

1

6.  CITGO's Motion for Examination under Rule 2004 also seeks to question Mr. Batra about unrelated and irrelevant alleged "acts" which occurred in India well over a decade ago.

### Objection to Rule 2004 Examination

7.  On or about August 31, 2009, in the 190th District, County of Harris, State of Texas, CITGO commenced litigation against Universal Enterprises, Inc., one of the 2004 Respondents which CITGO is seeking to examine (the "Texas Litigation"). A true and correct copy of the Complaint filed by CITGO is attached hereto as Exhibit "A."

8.  It is well settled that courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." 2435 Plainfield Ave., Inc. v. Township of Scotch Plains, 223 B.R. 440, 455-56 (Bankr. D.N.J. 1998), *citing* In re Valley Forge Plaza Associates, 109 B.R. 669, 674 (E.D. Pa. 1990) (collecting cases).

9.  Because of Rule 2004's broad scope, courts have consistently prohibited 2004 examinations where the parties are otherwise involved in adversary proceedings in order to prevent a party from avoiding discovery procedures and using a 2004 examination to conduct broad-based discovery to later be used in the adversary proceeding.  See, e.g., id.

10. In accordance with the well-established caselaw, CITGO cannot take advantage of the broad 2004 examination, as it would violate the safeguards of the discovery process as they relate to Texas Litigation.

11. Accordingly, as a result of the adversarial proceeding commenced by CITGO, CITGO's 2004 Motion for a 2004 Examination must be quashed.

---

§ 101(2).  As the term "affiliate," as defined in the Bankruptcy Code, is inapplicable to the entities that CITGO is seeking to examine via this Rule 2004 Motion, the term "affiliate" will not be used in this response, and the entities will be referred to as "2004 Respondents."

2

WHEREFORE, the 2004 Respondents respectfully request this Court to Enter an Order **QUASHING** CITGO's 2004 Examination of the 2004 Respondents in the form of order submitted as a result of the pending adversarial proceeding.

Dated:  November 19, 2009              /s/ Alan S. Fellheimer
                                       Alan S. Fellheimer, Esquire
                                       Pennsylvania Attorney Identification No. 09842
                                       **FELLHEIMER & EICHEN LLP**
                                       1800 John F. Kennedy Blvd.
                                       Suite 1400
                                       Philadelphia, PA 19103
                                       (215) 253-6630